UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANA C.,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | CASE NO. C25-5282-BAT<br><br>**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff Dana C. seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She argues that (1) the ALJ erred in evaluating the severity of her impairments at step two; (2) the ALJ erred in rejecting the March 2022 opinion of David Morgan, Ph.D.; (3) Dr. Morgan's April 2024 opinion, submitted to the Appeals Council, undermines the substantial evidence support for the ALJ's decision; and (4) the ALJ erred in rejecting plaintiff's testimony. Dkt. 16. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 54 years old and was 49 years old on the alleged onset date; she has a high school education and has worked as a salesperson, laborer, cleaner, and file clerk. Tr. 562. She applied for benefits in December 2020, alleging disability as of November 20, 2020. Tr. 782,

785. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on April 2, 2022, issued a decision finding plaintiff not disabled. Tr. 546-64. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that (1) plaintiff had not engaged in substantial gainful activity since the alleged onset date; (2) she had the following severe impairments: degenerative disc disease with spondylolisthesis, spondylosis, stenosis, and radiculopathy; osteoarthritis; obesity; chronic obstructive pulmonary disease (COPD); sleep apnea; and chronic pain syndrome; and (3) these impairments did not meet or equal the requirements of a listed impairment. Tr. 548-49, 551. The ALJ found that plaintiff had the residual functional capacity to perform light work that does not require standing or walking more than 5 hours total in an 8-hour workday, that does not require more than occasional climbing or crawling; and that does not require more than frequent stooping. Tr. 553. The ALJ found that plaintiff could not perform her past relevant work but, as there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled. Tr. 562-64.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

(9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

A.  **Mental impairments at step two**

Plaintiff argues that the ALJ erred in finding that she had no severe mental impairments at step two. Dkt. 16 at 4. At step two, a claimant must make a threshold showing that (1) she has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The ALJ must consider the combined effect of all a claimant's impairments without regard to whether each impairment alone is sufficiently severe. *Id*. The step-two inquiry has been characterized as "a *de minimis* screening device to dispose of groundless claims." *Id.*

Plaintiff makes two separate arguments about the ALJ's step two analysis. First, plaintiff argues that because the ALJ found chronic pain syndrome to be severe, the ALJ "had to treat depression inter-melded in the chronic pain syndrome as severe, almost by definition." Dkt. 16 at 6. In support of this contention, plaintiff cites to an unpublished Ninth Circuit decision finding the ALJ in that case erred by considering the claimant's physical and mental impairments separately at step two. *See Burrow v. Barnhart,* 224 Fed. Appx. 613, 2007 WL 684130 (9th Cir. 2007). This case does not stand for the proposition that an ALJ must find a severe mental impairment when chronic pain syndrome is present.

Plaintiff also cites to an article in a medical journal as support for the proposition that chronic pain syndrome is a syndrome where pain is accompanied by significant psychological

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 3

and social factors. Dkt. 16 at 5-6. However, she concedes in reply, the abstract for the article states in chronic pain syndromes, pain can be the sole complaint without a mental impairment. Dkt. 19 at 3. This concession undermines her assertion the ALJ was required to treat depression as "inter-melded" with chronic pain syndrome "almost by definition." And in any event, the ALJ is required to assess the case based on the evidence in the record, not based on assertions in medical journals. Plaintiff has not established the existence of her chronic pain syndrome renders erroneous the ALJ's finding her depression was non-severe.

Second, plaintiff argues the ALJ erred by applying the step three listing analysis at step two rather than the de minimis standard for evaluating the severity of impairments at step two. Dkt. 16 at 6. When evaluating whether a mental impairment is severe, the ALJ must rate the degree of functional limitation resulting from the impairment in four broad areas: the ability to (1) understand, remember, or apply information, (2) interact with others, (3) concentrate, persist, or maintain pace, and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c). If the ALJ rates the degree of functional limitation in these areas as "none" or "mild," the ALJ will generally find the impairment is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the plaintiff's ability to do basic work activities.[2] 20 C.F.R. § 404.1520a(d).

The ALJ found plaintiff had (1) mild limitation in the ability to understand, remember, or apply information, (2) no limitation in the ability to interact with others, (3) mild limitation in the

---

[2] Where the claimant has a severe mental impairment, the ALJ uses these same broad areas at step three to evaluate whether the impairment meets or equals a listing, finding that an impairment meets or equals the listing for depressive disorders where the claimant has an extreme limitation of one, or marked limitation of two, of the functional areas. *See* 20 C.F.R. § 404.1520a(d); 20 C.F.R. pt. 404, subpt. P app. 1, § 12.04 (depressive, bipolar, and related disorders).

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 4

ability to concentrate, persist, or maintain pace, and (4) no limitation in the ability to adapt or manage oneself.[3] Tr. 550-51. The ALJ found, because plaintiff had no more than mild limitations in any of the functional areas and the evidence did not otherwise indicate that there was more than a minimal limitation in plaintiff's ability to do basic work activities, she had no severe mental impairments. Tr. 551. The ALJ applied the appropriate standard for evaluating the severity of mental impairments at step two and did not improperly apply listing-level requirements to the step-two analysis. Plaintiff has not established otherwise.

Plaintiff further argues Dr. Morgan's opinions establish a greater than de minimis effect on her ability to work, noting that Dr. Morgan opined marked limitations in plaintiff's ability to perform basic work activities. Dkt. 16 at 6. The Court will address plaintiff's arguments about Dr. Morgan's opinions below.

**B.   Dr. Morgan's opinions**

Plaintiff argues the ALJ failed to give legally sufficient reasons for finding Dr. Morgan's March 2022 opinion not persuasive and Dr. Morgan's April 2024 opinion, submitted to the Appeals Council, undermines the ALJ's decision. Dkt. 16 at 7, 10. When considering medical opinions, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in her decision how she considered the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ is

---

[3] The Court notes that in making these findings, the ALJ considered plaintiff's allegations of limitations due to pain, including her report that she could pay attention "ok" depending on her pain level and her report of difficulty taking care of her personal needs and household chores due to pain. Tr. 550. The ALJ thus did not exclude consideration of plaintiff's reports of pain from the assessment of plaintiff's mental functioning.

not required to explain how she considered the other factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). The new regulations supplant the hierarchy governing the weight an ALJ must give medical opinions and the requirement the ALJ provide specific and legitimate reasons to reject a treating doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

An Appeals Council decision declining to review an ALJ's decision is a non-final agency action that this court does not have jurisdiction to review. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). However, when the Appeals Council considers new evidence in deciding whether to review the ALJ's decision, that evidence becomes part of the administrative record that this court considers when reviewing the Commissioner's final decision for substantial evidence support. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

    1.    *March 2022 opinion*

Dr. Morgan first examined plaintiff in March 2022. Tr. 1843-47. He diagnosed major depressive disorder, recurrent episode, moderate. Tr. 1844. He opined plaintiff had moderate limitations in the ability to understand, remember, and persist in tasks by following detailed instructions; learn new tasks; perform routine tasks without special supervision; be aware of normal hazards and take appropriate precautions; and ask simple questions or request assistance. Tr. 1844-45. He opined plaintiff had marked limitations in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without

1  special supervision; adapt to changes in a routine work setting; make simple work-related
2  decisions; communicate and perform effectively in a work setting; maintain appropriate behavior
3  in a work setting; complete a normal workday and workweek without interruptions from
4  psychologically based symptoms; and set realistic goals and plan independently. *Id.* He opined
5  that plaintiff's overall severity rating was marked. Tr. 1845.

6        The ALJ found Dr. Morgan's opinion not persuasive. Tr. 560. With respect to
7  supportability, the ALJ noted Dr. Morgan's examination of plaintiff revealed normal speech,
8  cooperative behavior, normal affect, normal thought content and processing, normal orientation,
9  normal perception, normal fund of knowledge, normal concentration, normal abstract thought,
10 and normal insight and judgment, which the ALJ found did not support moderate or marked
11 limitations. *Id.* The ALJ also noted the only abnormalities Dr. Morgan found were a depressed
12 mood and recall of only one of three items after a short delay with memory testing, which the
13 ALJ found also did not support moderate or marked limitations. *Id.* And the ALJ found there
14 were no findings in Dr. Morgan's exam to support any social limitations. *Id.* With respect to
15 consistency, the ALJ found plaintiff's mental status examinations throughout the period at issue
16 were largely unremarkable and were therefore inconsistent with Dr. Morgan's opinion. *Id.*

17       Plaintiff argues when considering supportability, the ALJ focused on Dr. Morgan's
18 mental status examination findings but ignored his clinical observations and interview data,
19 which she asserts supported Dr. Morgan's opinion. Dkt. 16 at 9. But the ALJ was required to
20 assess whether Dr. Morgan's opinion was supported by his findings, which is exactly what the
21 ALJ did when concluding the mental status examination findings, both normal and abnormal, did
22 not support the moderate and marked limitations Dr. Morgan opined. Plaintiff contends the ALJ
23 should have given more weight to plaintiff's reports of suicidal ideation or to Dr. Morgan's other

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 7

observations than to Dr Morgan's mental status examination findings. But the Court cannot reweigh the evidence or disturb the ALJ's reasonable findings. *Thomas*, 278 F.3d at 954. And the Court cannot say the ALJ's conclusion—that the largely normal mental status examination findings, or even the limited abnormal findings, did not support the moderate and marked impairments Dr. Morgan opined—was an unreasonable interpretation of the evidence.

Plaintiff also implies the ALJ erred by relying on the fact Dr. Morgan's mental status examination had no findings to support the social limitations he opined, asserting that the key finding was Dr. Morgan's opinion about plaintiff's need for special supervision. Dkt. 16 at 9. But it is for the ALJ, not plaintiff, to determine what findings are key to assessing a medical opinion. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (the ALJ determines which factors are relevant to discount medical opinions). And because Dr. Morgan opined moderate and marked limitations related to social interaction, including the ability to ask simple questions and request assistance, communicate and perform effectively in a work setting, and maintain appropriate behavior in a work setting, the ALJ appropriately assessed whether these opinions were supported by Dr. Morgan's examination findings. The ALJ did not err by evaluating whether Dr. Morgan's opined social limitations were supported by Dr. Morgan's examination or in finding they were not.

Plaintiff argues that when considering consistency, the ALJ cited to many mental status examinations from the record but ignored progress notes that relied on interview data, which she asserts are another source of objective evidence in the psychological context. Dkt. 16 at 10. But plaintiff does not cite to or otherwise identify any progress notes or other evidence she believes the ALJ should have considered but did not. Instead, she cites to the same treatment notes documenting normal mental status examinations that the ALJ cited, which were for visits

focused on physical complaints and none of which contain psychological interview data. *See* Tr. 1142-43, 1148, 1183, 1201, 1524, 1812, 1821, 1828, 1935, 1941, 2019. Plaintiff has failed to identify any evidence from the record that she alleges is consistent with Dr. Morgan's opinion or otherwise undermines the ALJ's assessment of consistency. Plaintiff's bare assertions, without citations to supporting evidence in the record, fail to establish error. The ALJ did not err by relying on normal mental status examinations throughout the treatment notes to find that Dr. Morgan's opinions of moderate and marked limitations were inconsistent with the record.

      2.      *April 2024 opinion*

Dr. Morgan examined plaintiff again in April 2024. Tr. 493-97. Dr. Morgan again diagnosed major depressive disorder, recurrent episode, moderate. Tr. 494. He assessed the same moderate and marked limitations as in 2022, except he opined plaintiff's limitations in the ability to perform routine tasks without special supervision and to ask simple questions or request assistance were marked rather than moderate. Tr. 495. He again opined plaintiff's overall severity rating was marked. *Id.* Plaintiff submitted this evidence to the Appeals Council, which found it did not show a reasonable probability it would change the outcome of the decision and did not exhibit it. Tr. 2. Plaintiff argues Dr. Morgan's second opinion corroborates his first opinion, establishes worsening, and undermines substantial evidence support for the ALJ's decision. Dkt. 16 at 11.

Dr. Morgan's 2024 opinion largely tracks his 2022 opinion in terms of his clinical interview, his mental status examination findings, and his opined limitations. He again opined numerous moderate and marked limitations despite largely normal findings on mental status examination. He opined even greater social limitations—including marked rather than moderate limitations in the ability to ask simple questions or request assistance—despite again making no

findings on mental status examination to support any social impairment. And the largely normal mental status examination findings throughout the record remain inconsistent with the moderate and marked limitations Dr. Morgan opined in 2022. Given the similarity between Dr. Morgan's 2024 opinion and his 2022 opinion and the validity of the ALJ's reasons for finding the 2022 opinion not persuasive, the Court cannot say the addition of the 2024 opinion to the record undermines the substantial evidence support for the ALJ's decision.

In sum, the Court finds the ALJ gave valid reasons, supported by substantial evidence, for finding Dr. Morgan's 2022 opinion not persuasive, and the addition of Dr. Morgan's 2024 opinion does not undermine the substantial evidence supporting the ALJ's decision.

### C. Plaintiff's testimony

Plaintiff argues the ALJ failed to give valid reasons to discount her subjective testimony. Dkt. 16 at 14. Where, as here, the ALJ did not find that plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

The ALJ found numerous inconsistencies undermined the weight that could be given to plaintiff's testimony. Tr. 554. The ALJ found plaintiff gave inconsistent statements about the

reason she stopped working on her alleged onset date, telling Social Security she stopped working due to pain, but testifying she was let do due to a violation of company policy. Tr. 554. The ALJ found plaintiff received unemployment benefits through the first quarter of 2022, which required a certification she was able to work, and she testified she was looking for full-time work during that time, although she also testified, she was not being honest with herself about her ability to work at that time. Tr. 555. The ALJ found plaintiff's statements about her high pain levels, which she reported on several occasions as 10 out of 10 or 8 out of 10, were inconsistent with examination findings at those visits, which included mostly normal signs and normal movement of all extremities. Tr. 555. The ALJ found plaintiff's reported activities, which included ripping up the flooring in her trailer, using a circular saw, making frequent trips to the grocery store, and driving as needed, were inconsistent with her reported limitations. Tr. 555. And the ALJ found plaintiff made inconsistent statements about her use of prescription medication other than as prescribed, testifying she had done so twice but reporting to her providers that she had been buying oxycodone on the streets for months. Tr. 556.

With respect to her mental impairments, the ALJ noted plaintiff testified she had had depression all her life and found her previous ability to work despite this condition was inconsistent with her allegation of disabling limitations. Tr. 555-56. The ALJ found plaintiff had not pursued any psychological or psychiatric treatment during the relevant period, even though she sought treatment when her other conditions were bothersome. Tr. 556. The ALJ found plaintiff's providers noted no need for psychological treatment and regularly noted normal psychological findings on exam, except for some notations of anxiety. Tr. 556. And the ALJ noted plaintiff experienced one episode of acute mental symptoms, but this corresponded with a

1 positive test for methamphetamines, which plaintiff testified was a one-time "slip up" during the
2 relevant period. Tr. 556.

3      With respect to her back impairment, the ALJ found the treatment record established
4 plaintiff's impairment was severe but physical examinations from November 2020 through
5 February 2024 found no acute distress, normal cervical lordosis, normal thoracic and lumbar
6 spine, full range of motion in the neck and all extremities, normal movement, normal muscle
7 tone, normal strength, and a normal gait. Tr. 556-57. The ALJ also noted periods where plaintiff
8 did not pursue treatment, including at least one period lasting over a year, instances where
9 plaintiff declined treatment, notations of the effectiveness of conservative treatment such as
10 physical therapy, and plaintiff's statements to providers that were inconsistent with the degree of
11 limitation she alleged or with the providers' physical findings on examination. Tr. 557-58.

12      Plaintiff argues the ALJ erred in rejecting her claims about limitations to her ability to
13 stand and walk such that she would be limited to sedentary work (and thus be found disabled
14 under the grids), asserting the ALJ's assessment of treatment notes from November 2023 through
15 February 2024 was insufficient to reject her claims. Dkt. 16 at 14, 17. Plaintiff further argues
16 objective evidence from the relevant period and evidence submitted to the Appeals Council
17 support her claims concerning her ability to stand and walk. Dkt. 16 at 14. She points to
18 treatment notes from Zhongzeng Li, M.D., who conducted a neurologic examination in January
19 2024 and diagnosed hereditary motor and sensory peripheral neuropathy and neuropathic pain
20 and found evidence of decreased sensation in her feet up to the ankle level, absent reflexes in the
21 legs, and decreased muscle tone in the legs. Dkt. 16 at 14-15, Tr. 261. He prescribed duloxetine
22 to manage both depression and neuropathic pain, a switch from Zoloft for depression only. Tr.
23 261. Dr. Li made similar findings on follow up in April 2024 and noted plaintiff's report that her

neuropathic pain had not improved with the duloxetine. Tr. 267. Plaintiff also points to an MRI of her lumbar spine from February 2022, which included findings of ligamentum flavum hypertrophy and facet arthritis and moderate left foraminal stenosis. Dkt. 16 at 16, Tr. 1893. Plaintiff asserts that these treatment records support her testimony regarding her ability to stand and walk and her back pain. Dkt. 16 at 16-17.

However, plaintiff fails to address any of the other reasons the ALJ relied on to discount her testimony. An ALJ's use of an invalid reason to support his adverse credibility finding may be harmless if, despite the error, there remains substantial evidence to support the ALJ's conclusion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004). As detailed above, the ALJ found that plaintiff made inconsistent statements about the reasons she stopped working, her ability to work during the period she received unemployment benefits, and her use of prescription medication other than as prescribed. The ALJ found that plaintiff engaged in activities inconsistent with her allegations and reported the highest possible levels of pain at examinations with largely normal findings. The ALJ found that plaintiff was previously able to work despite her mental impairment, she did not pursue mental health treatment during the relevant period, her providers routinely documented normal mental status examination findings and did not recommend mental health treatment, and the only documented mental health findings were associated with an incident of illegal drug use. And with respect to plaintiff's back impairment, the ALJ found plaintiff's providers frequently documented normal physical findings, plaintiff at times did not pursue treatment or declined treatment, conservative treatment was effective, and plaintiff made statements to her providers that were inconsistent with the providers' findings. The Court finds that these are clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's symptom testimony.

Accordingly, the Court finds, even if the ALJ's assessment of the objective evidence regarding plaintiff's back impairment was erroneous, there remain numerous clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's testimony about her ability to stand and walk. The Court further finds that the addition of Dr. Li's treatment notes to the record does not undermine the substantial evidence support for the ALJ's assessment of plaintiff's testimony. Therefore, any error in the ALJ's assessment of plaintiff's testimony is harmless.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 6th day of November, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge